ARSHAK BARTOUMIAN (SBN 210370)
OMNIA LEGAL, INC
118 W STOCKER ST
GLENDALE, CA 91202
818-532-9339
818-394-6452
EMAIL: DISPUTES@OMNIALEGAL.ORG

FILED
2011 OCT 20 PM 3:46
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

VAHE MARGARYAN an individual,

   Plaintiff,

vs.

PRIMARY FINANCIAL SERVICES, AN ARIZONA

LIMITED LIBILITY COMPANY

BISHOP, WHITE, MARSHALL & WEIBEL, P.S., A

WASHINGTON PROFESSIONAL CORPORATION

BLEIER & COX, A CALIFORNIA PROFESSIONAL

CORPORATION

VIRTUOSO SOURCING GROUP, A COLORADO

COMPANY

CARDWORKS SERVICING LLC, A NEW YORK

LIMITED LIABILITY COMPANY

PRO CONSULTING, A TEXAS COMPANY

THE MOORE LAW GROUP, A CALIFORNIA

PROFESSIONAL CORPORATION

   DEFENDANTS.

Case No.: CV11-8717 JEM

**COMPLAINT FOR DAMAGES**

COMES NOW the Plaintiff, VAHE MARGARYAN ("Plaintiff" or "Margaryan"), through his attorney, OMNIA LEGAL INC, and alleges the following against

COMPLAINT FOR DAMAGES- 1

PRIMARY FINANCIAL SERVICES; BISHOP WHITE, MARSHALL & WEIBEL, P.S.; BLEIER & COX; VIRTUOSO SOURCING GROUP; CARDWORKS SERVICING LLC; PRO CONSULTING; THE MOORE LAW GROUP (collectively "Defendants").

## PARTIES

1. Plaintiff is an individual, and at all times relevant herein, was a resident of Los Angeles County, California.
2. Plaintiff is a natural person residing in Tujunga, Los Angeles California.
3. Plaintiff is a victim of identity as that term is defined by 15 U.S.C. Section 1681c-2 and California Penal Code Section 530.5 et. seq.
4. Defendants are debt collectors as that term is defined by *15 U.S.C. Section 1692a(6)* and *Cal Civ Code Secton 1788.2(c)*, and sought to collect a fraudulent consumer debts from Plaintiff.
5. Defendant PRIMARY FINANCIAL SERVICES LLC (hereinafter "Defendant #1") is a Arizona Limited Liability Company, is a debt collector.
6. Defendant BISHOP, WHITE, MARSHAL & WEIBEL,(hereinafter "Defendant #2")is an Washington Professional corporation, is a debt collector.
7. Defendant BLEIER & COX (hereinafter "Defendant #3") is a California Limited Liability Partnership, is a debt collector.
8. Defendant VIRTUOSO SOURCING GROUP (hereinafter "Defendant #4") is a Colorado company, is a debt collector.
9. Defendant CARDWORKS SERVICING (hereinafter "Defendant #5") is a New York Limited Liability Company, is a debt collector.
10. Defendant PRO CONSULTING (hereinafter "Defendant #6") is a Texas Corporation, is a debt collector.
11. Defendant THE MOORE LAW GROUP (hereinafter "Defendant #7") is a California Professional Corporation, and a debt collector.

COMPLAINT FOR DAMAGES- 2

12. Whenever this complaint alleges that any defendant did any act or thing, it is meant that it, it's directors, officers, agents, employees, or the directors, agents or employees of its subsidiaries, performed or participated in such act or thing, and in each instance that such act or thing was authorized or ratified by, and done on behalf of, that defendant.

## JURSDICTION, VENUE, AND DEMAND FOR JURY TRIAL

13. Jurisdiction of this court arises pursuant to *15 U.S.C. Section 1962k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy." This Court also has jurisdiction of the federal claims asserted pursuant to 28 U.S.C. §1331 and supplemental jurisdiction of the state law claims asserted pursuant to 28 U.S.C. §1367(a).

14. Defendants do business in the state of California, and therefore, personal jurisdiction is established.

15. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the Defendants conduct business in this district and many of the events occurred in this district. Further, Plaintiff resides in this district. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedures, Plaintiff thereby demands a jury trial on any and all issues qualified for a jury trial.

## DEFINITIONS

16. Credit reporting agencies or national credit bureaus shall refer to Experian, Equifax, and Transunion.

COMPLAINT FOR DAMAGES- 3

### FACTUAL ALLEGATIONS

17. Defendants violated 15 U.S.C. Section 1681 by running a hard credit inquiry on one or more occasions, into Plaintiff's consumer credit report maintained by and with one or more of the three major credit reporting agencies, Experian, Equifax and Transunion, without Plaintiff's knowledge and authorization, and without having a permissible purpose for conducting a credit review as defined under Section 1681B of the above cited title.

18. Defendants violated 15 U.S.C. Section 1681c-2 by ignoring Plaintiff's written request to block the fraudulent inquires from his credit reports.

19. Defendants violated California Civil Code Section 1785, by failing to block inquires that are related to fraudulent debts.

### FIRST CLAIM FOR RELIEF

20. On or about July 27, 2011, DEFENDANT #1 violated 15 U.S.C. Section 1681, by running a hard inquiry into MARGARYAN's consumer credit report, without the knowledge or consent of MARGARYAN. MARGARYAN had not requested a report from DEFENDANT PRIMARY FINANCIAL SERVICES for purpose of extending credit, employment, insurance underwriting, or any other purposes that are allowed under this section. Further the inquiry violated 15 U.S.C. Section 1681(b) on the basis that the inquiry was not made for any permissible purpose as enumerated in this section.

21. On or about June 09, 2011, DEFENDANT #2 violated 15 U.S.C. Section 1681, by running a hard inquiry into MARGARYAN's consumer credit report, without the knowledge or consent of MARGARYAN. MARGARYAN had not requested a report from DEFENDANT #2 for

COMPLAINT FOR DAMAGES- 4

|   |   |
|---|---|
| 1 | purpose of extending credit, employment, insurance underwriting, or any |
| 2 | other purposes that are allowed under this section. Further the inquiry |
| 3 | violated 15 U.S.C. Section 1681(b) on the basis that the inquiry was |
| 4 | not made for any permissible purpose as enumerated in this section. |
| 5 | 22. On or about February 18, 2011 and February 15, 2011 DEFENDANT #3 |
| 6 | violated 15 U.S.C. Section 1681, by running hard inquiries into |
| 7 | MARGARYAN's consumer credit report, without the knowledge or consent of |
| 8 | MARGARYAN. MARGARYAN had not requested a report from DEFENDANT #3 for |
| 9 | purpose of extending credit, employment, insurance underwriting, or any |
| 10 | other purposes that are allowed under this section. Further the inquiry |
| 11 | violated 15 U.S.C. Section 1681(b) on the basis that the inquiry was |
| 12 | not made for any permissible purpose as enumerated in this section. |
| 13 | 23. On or about September 07, 2010, DEFENDANT #4 violated 15 U.S.C. Section |
| 14 | 1681, by running an hard inquiry into MARGARYAN's consumer credit |
| 15 | report, without the knowledge or consent of MARGARYAN. MARGARYAN had |
| 16 | not requested a report from DEFENDANT #4 for purpose of extending |
| 17 | credit, employment, insurance underwriting, or any other purposes that |
| 18 | are allowed under this section. Further the inquiry violated 15 U.S.C. |
| 19 | Section 1681(b) on the basis that the inquiry was not made for any |
| 20 | permissible purpose as enumerated in this section. |
| 21 | 24. On or about August 30, 2010, DEFENDANT #5 violated 15 U.S.C. Section |
| 22 | 1681, by running an hard inquiry into MARGARYAN's consumer credit |
| 23 | report, without the knowledge or consent of MARGARYAN. MARGARYAN had |
| 24 | not requested a report from DEFENDANT #5 for purpose of extending |
| 25 | credit, employment, insurance underwriting, or any other purposes that |
| 26 | are allowed under this section. Further the inquiry violated 15 U.S.C. |
| 27 | Section 1681(b) on the basis that the inquiry was not made for any |
| 28 | permissible purpose as enumerated in this section. |

25. On or about June 10, 2010, DEFENDANT #6 violated 15 U.S.C. Section 1681, by running an hard inquiry into MARGARYAN's consumer credit report, without the knowledge or consent of MARGARYAN. MARGARYAN had not requested a report from DEFENDANT PRO CONSULTING for purpose of extending credit, employment, insurance underwriting, or any other purposes that are allowed under this section. Further the inquiry violated 15 U.S.C. Section 1681(b) on the basis that the inquiry was not made for any permissible purpose as enumerated in this section.

26. On or about January 26, 2011 and July 11, 2011 DEFENDANT #7 violated 15 U.S.C. Section 1681, by running hard inquiries into MARGARYAN's consumer credit report, without the knowledge or consent of MARGARYAN. MARGARYAN had not requested a report from DEFENDANT #7 for purpose of extending credit, employment, insurance underwriting, or any other purposes that are allowed under this section. Further the inquiry violated 15 U.S.C. Section 1681(b) on the basis that the inquiry was not made for any permissible purpose as enumerated in this section.

27. As a result of these unauthorized actions by the DEFENDANTS mentioned above, MARGARYAN has suffered damages, and is entitled to damages of $1,000s pursuant to 15 U.S.C. Section 1681(n).

28. MARGARYAN further alleges that as a result of the DEFENDANTS' violations, MARGARYAN is entitled to punitive damages in the sum of $50,000 against all DEFENDANTS mentioned above.

29. MARGARYAN alleges that he is also entitled to reasonable costs, including attorney's fees he has incurred as a result of Defendant's acts.

30. WHEREFORE, Plaintiff prays judgment against all DEFENDANTS in this action as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

### (NEGLIGENT NON-COMPLIANCE)

31. MARGARYAN realleges and incorporates by reference, as though fully set forth herein.

32. DEFENDANTS' negligent non-compliance with the provisions of 15 U.S.C. Section 1681 resulted in damages to MARGARYAN. MARGARYAN is entitled to damages according to proof.

33. MARGARYAN alleges that he is also entitled to reasonable costs, including attorney's fees for his damages suffered as a result of DEFENDANTS' acts, pursuant to 15 U.S.C. Section 1681.

WHEREFORE, Plaintiff prays as follows:

**As to First Statement of Claim:**

1. That Complaint be awarded $1,000 for the violation of the 15 U.S.C. Section 1681 against each defendant;

2. For punitive damages in the sum of $50,000 against each defendants;

**As to the Second Statement of Claim:**

3. For damages according to proof;

4. For costs including reasonable attorney's fees;

**As to all Statement of Claim:**

5. For such other and further relief that the court deems proper.

DATED: October 20, 2011                    OMNIA LEGAL GROUP, INC

By: _____

ARSHAK BARTOUMIAN, Attorney for Plaintiff Vahe Margaryan

COMPLAINT FOR DAMAGES- 7

## VERIFICATION

I, VAHE MARGARYAN, am the Plaintiff in the above entitled action. I have read the foregoing complaint. The facts stated herein are within my knowledge and are true and correct, except those matters stated on information and belief, and, so to those, I believe them to be true and correct. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this October 20, 2011 at Glendale, California 91202

By: _____
VAHE MARGARYAN, PLAINTIFF

COMPLAINT FOR DAMAGES- 8