UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV11-08717 JAK (FFMx) | Date | March 12, 2012 |
| Title | Vahe Margaryan v. Primary Financial Services, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Alexander Joko |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Richard E. Golden<br>Terri Lazo<br>Marc Rosenberg (via teleconference)<br>Stephen A Watkins |

**Proceedings:** **DEFENDANT THE MOORE LAW GROUP, APC'S MOTION TO DISMISS (Dkt. 4)**

**DEFENDANT'S MOTION FOR SANCTIONS (Dkt. 21)**

**DEFENDANT BISHOP, WHITE, MARSHALL & WEIBEL, P.S.'S MOTION FOR SUMMARY JUDGEMENT (Dkt. 24)**

**DEFENDANT BLEIER & COX'S MOTION TO DISMISS (Dkt. 26)**

**SCHEDULING CONFERENCE**

**JS-6: The Moore Law Group, APC and Bleier & Cox**

The motion hearing is held. There is no appearance by or on behalf of Plaintiff. On March 10, 2012, Plaintiff's counsel filed a declaration with the Court stating that he would not appear at the hearing. Dkt. 48.

Counsel for Defendants address the Court regarding their attempts to contact Plaintiff's counsel and regarding the parallel proceedings in state court.

The Court states its detailed, tentative views on the record. The Court is inclined to grant Defendant The Moore Law Group's motion to dismiss, with leave to amend, so that Plaintiff can clarify under which statutory sections of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, he brings his claims, whether a private right of action can be brought under such sections, and how Defendant's alleged actions violated those sections. The Court is inclined to grant Defendant Bleier & Cox's motion to dismiss for the same reasons.

The Court is inclined to grant Defendant Bishop White Marshall & Weibel's motion for summary

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-08717 JAK (FFMx) | Date | March 12, 2012 |
|---|---|---|---|
| Title | Vahe Margaryan v. Primary Financial Services, et al. | | |

judgment. Defendant has presented evidence that it is a law firm, and is neither a creditor reporting agency nor a user of information, under the relevant statutory provisions. Defendant has presented evidence that its credit inquiries were for a proper purpose, because Defendant was retained by a creditor of Plaintiff. Plaintiff has not filed any opposition to the Motion and, therefore, had not presented any evidence to the contrary. In its Reply, Defendant requested attorney's fees, but Plaintiff has not had an opportunity to respond to that request. If Plaintiff seeks to oppose the request for attorney's fees, he must do so on or before March 19, 2012. Defendant shall file any reply on or before March 23, 2012. If Plaintiff does not oppose the request, the Court will grant the requested amount in attorney's fees. Otherwise, the Court will decide whether to award attorney's fees based on the written submissions, without oral argument.

The Court adheres to its tentative views and GRANTS Defendant Bishop White Marshall & Weibel's motion for summary judgment.

The Court GRANTS the motions to dismiss of The Moore Law Group and Bleier & Cox, without leave to amend, given Plaintiff's failure to appear at this hearing, but without prejudice to Plaintiff's pursuing his claims against them in state court. The Court exercises its discretion to defer to the state court, in which the action was first filed, under the *Colorado River* abstention doctrine. *See Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976). Thus, Plaintiff may pursue his claims against The Moore Law Group in state court, and if any claims exist against Bleier & Cox, Plaintiff shall pursue them in state court as well. Plaintiff shall file any claims against Bleier & Cox in state court on or before April 2, 2012. The Court defers to the state court bench officer, who has jurisdiction with respect to whether to extend that deadline.

Counsel for The Moore Law Group addresses the Court regarding its motion for sanctions, its attempt to contact Plaintiff, and Plaintiff's lack of a reasonable inquiry in law and fact before bringing this action.

The Court finds that Defendant The Moore Law Group's motion for sanctions is timely. Plaintiff has made no showing that he made a reasonable inquiry before bringing this action. Plaintiff's legal claims are deficient, and he has made no effort to appear at this hearing. The Court finds that Defendant has met its burden in bringing a motion for sanctions. The Court is mindful of Defendant's counsel's hourly rate and number of hours invested. The Court GRANTS Defendant's motion for sanctions, in the amount of $2,500, to be paid on or before April 11, 2012. Plaintiff and his counsel shall be jointly and severally liable for the sanctions.

The Court confers with counsel and continues the scheduling conference until April 2, 2012 at 1:30 p.m. Plaintiff's counsel shall meet and confer with counsel for Defendant Primary Financial Services no later than March 19, 2012 to discuss whether Plaintiff will continue to pursue his claims against Defendant in

///

///

///

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-08717 JAK (FFMx) | Date | March 12, 2012 |
|---|---|---|---|
| Title | Vahe Margaryan v. Primary Financial Services, et al. | | |

this Court, or will pursue them in state court. Defendant Primary Financial Services shall file a joint status report no later than March 28, 2012, concerning the status of any claims Plaintiff seeks to pursue in this Court, as opposed to in state court, against Defendant.

**IT IS SO ORDERED.**

: 25

Initials of Preparer   ak